IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLEXUS SERVICES CORP. and PLEXUS CORP., | |
| Plaintiff | Case No. |
| v. | |
| PLEXUS SYSTEMS, INC., | JURY DEMAND |
| Defendant. | FILED: OCTOBER 6, 2008   LI<br>08CV5698<br>JUDGE   COAR<br>MAGISTRATE  JUDGE BROWN |

## COMPLAINT

For their complaint, Plaintiffs Plexus Services Corp. and Plexus Corp., allege as follows:

### PARTIES

1. Plaintiff Plexus Services Corp., is a Nevada corporation with its principal place of business at 55 Jewelers Park Drive, Neenah, Wisconsin 54957. Plexus Services Corp. is a wholly-owed subsidiary of, and successor-in-interest to, Plaintiff Plexus Corp., which is a Wisconsin corporation with its principal place of business at 55 Jewelers Park Drive, Neenah, Wisconsin 54957.

2. Defendant Plexus Systems, Inc. ("Plexus Systems"), is a Delaware corporation with its principal place of business at 1731 Harmon Road, Auburn Hills, Michigan 48326.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, with reference to 15 U.S.C. § 1125(a).

4. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

## FACTUAL ALLEGATIONS

6. Plaintiff Plexus Services Corp. is one of the nation's leading providers of designing, testing, and manufacturing capabilities for electronic products used in various industries, including use in the medical industry.

7. Plaintiff Plexus Services Corp. is the owner of U.S. Trademark Registration No. 2,394,536, issued October 17, 2000, for PLEXUS for the design, testing, and manufacture of electronic products for use in the computer, medical, industrial, telecommunications and automotive industries, to the order and/or specification of others. The plaintiffs have used PLEXUS continuously in connection with such services since at least as early as February 1, 1989.

8. Plexus Services Corp. is also the owner of U.S. Trademark Registration No. 2,394,545, issued October 17, 2000, for PLEXUS THE PRODUCT REALIZATION COMPANY for the design, testing and manufacture of electronic products for use in the computer, medical, industrial, telecommunications and automotive industries, to the order and/or specification of others.

9. Registration Nos. 2,394,536 and 2,394,545 are valid, subsisting, and have acquired incontestable status under 15 U.S.C. § 1065.

10. Plexus Services Corp. has licensed the right to use PLEXUS and PLEXUS THE PRODUCT REALIZATION COMPANY to plaintiff Plexus Corp., which also has authority to enforce claims for infringement of the PLEXUS marks.

QBACTIVE\750652.00014\6564488.2                    -2-

11. The Plexus Plaintiffs have invested substantial time, effort and money in developing the PLEXUS name and marks and have used the PLEXUS name and marks in marketing, corporate documents, and other contacts with the relevant consumers of their services. As a result, their PLEXUS marks and name have significant value to the plaintiffs.

12. Due to its widespread, extensive and continuous use, the PLEXUS name and marks have acquired a high degree of recognition among the relevant consuming public.

13. Defendant Plexus Systems is the owner of U.S. Trademark Registration No. 2,073,110 for PLEXUS for fully integrated manufacturing information systems, namely computer programs for manufacturing floor control; employee machine operator communications; equipment tracking; manufacturing materials identification; and manufacturing operation scheduling.

14. Pursuant to a March 21, 2000, Settlement Agreement between Plaintiff Plexus Corp. and Plexus Systems, LLC (the predecessor in interest to defendant Plexus Systems Inc.), the parties agreed to "restrict the use of their marks to their respective goods and services" as set forth in their respective trademark registrations. A copy of the Settlement Agreement is attached hereto as Exhibit A.

15. Defendant Plexus Systems is now improperly using PLEXUS in commerce in this district and throughout the United States in connection with its efforts to market products and services in the medical industry.

16. The Plaintiffs' PLEXUS mark is entitled to immediate and strong protection from the Defendant's breach of contract, unfair competition, infringement and injury.

## COUNT I

### False Designation of Origin and False or Misleading
### Description or Representation of Fact and Unfair Competition

17. Plaintiffs reallege and incorporate by reference their allegations of paragraphs 1-16.

18. Defendant Plexus Systems has used the PLEXUS mark in a manner that is likely to cause confusion, mistake and deceive customers about the affiliation, connection, sponsorship or association of the Plaintiffs with the Defendant.

19. The Defendant's actions constitute trademark infringement in violation of 15 U.S.C. § 1125, 15 U.S.C. §1114, and the common law.

20. The Defendant's actions have damaged the Plaintiffs and have unjustly enriched the Defendant.

21. The Defendant's actions are causing irreparable injury to the Plaintiffs for which there is no adequate remedy at law.

22. The Defendant's actions constitute willful infringement entitling the Plaintiffs to the remedies set forth in 15 U.S.C. § 1117 and 15 U.S.C. § 1118.

## COUNT II

### Breach of Contract

23. The Plaintiffs reallege and incorporate by reference their allegations of paragraphs 1-22.

24. Plexus Systems' use of PLEXUS in the medical industry violates the Settlement Agreement, which restricted use by the defendant of PLEXUS to those industries set forth in U.S. Trademark Registration No. 2,073,110.

25. The Defendant is using PLEXUS in the medical industry, in violation of the Settlement Agreement.

26. The Defendant's breach of contract has caused injury to the Plaintiffs in this district and elsewhere.

**WHEREFORE**, the Plaintiffs request judgment and relief against Defendant Plexus Systems as follows:

A. Temporarily, preliminarily and permanently restraining and forbidding the Defendant and all of its partners, agents, representatives, employees, and all others acting in concert with them from using PLEXUS or any colorable imitations thereof, as a trademark, service mark, trade name, or domain name in any manner that is likely to cause confusion, mistake or deception;

B. Awarding the Plaintiffs monetary relief in an amount to be proved at trial due to the Defendant's breach of contract and trademark infringement, and in such amount as authorized by 15 U.S.C. § 1117;

C. Ordering an accounting by the Defendant of any profits derived in any way from its wrongful acts;

D. Awarding the Plaintiffs any amount by which the Defendant has been unjustly enriched as a result of its wrongful acts;

E. Trebling the amounts awarded to the Plaintiffs in accordance with 15 U.S.C. § 1117;

F. Awarding the Plaintiffs their costs and fees to the extent allowed by law; and

G. Awarding such other and further relief as is just and proper.

The Plaintiffs demand a trial by jury.

Respectfully submitted,

/s/ Steven V. Hunter
David R. Cross (ARDC No. 90785227)
Donald R. Cassling (ARDC No. 0412538)
Steven V. Hunter (ARDC No. 6277695)
Attorneys for the Plaintiffs

QUARLES & BRADY LLP
Citigroup Center
500 West Madison Street, Suite 3700
Chicago IL 60661-2511
Telephone: (312) 715-5000

411 East Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497
Telephone: (414) 277-5000

Dated: October 6, 2008