```
 LI
08CV5698
JUDGE   COAR
MAGISTRATE  JUDGE BROWN
```

# EXHIBIT A

## Settlement Agreement

This Settlement Agreement (the "Agreement") is made as of the 21ST day of January, 2000, by and between Plexus Corp., a Wisconsin corporation having its principal place of business at 55 Jewelers Park Drive, Neenah, Wisconsin 54957 ("Plexus"), and Plexus Systems, L.L.C., a Michigan limited liability company having its principal place of business at 8040 Ortonville Road, Clarkston, Michigan 48348 ("Plexus Systems").

Whereas, Plexus is the owner of the trademarks PLEXUS and PLEXUS and Design, for designing, testing, and manufacturing electronic products for use in various industries, including but not limited to the medical, industrial, networking, telecommunications, and transportation industries, to the order and/or specification of others, which marks have been used continuously in commerce in connection with such services since at least as early as February 1, 1989 (see U.S. Application Serial No. 75/315,971 for the mark PLEXUS and Design), filed June 27, 1997); and

Whereas, Plexus is the owner of the trademark PLEXUS THE PRODUCT REALIZATION COMPANY, for designing, testing, and manufacturing electronic products for use in various industries, including but not limited to the medical, industrial, networking, telecommunications, and transportation industries, to the order and/or specification of others, which mark has been used continuously in commerce in connection with such services since at least as early as November, 1997 (see U.S. Application Serial No. 75/315,971 for the mark PLEXUS THE PRODUCT REALIZATION COMPANY, filed August 8, 1997); and

Whereas, Plexus Systems is the owner of the trademark PLEXUS, for fully integrated manufacturing information systems, namely computer programs for manufacturing floor control; employee machine operator communications, equipment tracking; manufacturing materials identification; and manufacturing operations scheduling, which mark has been used continuously in commerce in connection with such products since at least as early as June, 1989 (see U.S. Registration No. 2,073,110 for the mark PLEXUS, issued June 24, 1997); and

Whereas, Plexus has filed a Petition for Cancellation of Plexus Systems' registration of its PLEXUS mark before the U.S. Patent and Trademark Office, Cancellation No. 29,468; and

Whereas, Plexus and Plexus Systems wish to settle their dispute amicably and without further litigation, and agree that the above-described marks are applied to goods and services that are marketed in different channels of trade to sophisticated purchasers, and that the

QBMKE\4490694.2

concurrent use of these marks for the goods and services recited above is unlikely to cause confusion or to deceive.

Now, therefore, for good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the parties agree as follows:

1. The parties agree to restrict the use of their marks to their respective goods and services noted above.

2. The parties acknowledge that they have coexisted with the respective use of their marks since 1989, and that continued use of their respective marks will not likely cause confusion. In addition, if any confusion should arise in the future, the parties agree to cooperate and find ways to eliminate or minimize any such confusion.

3. Plexus hereby consents to the continued use by Plexus Systems of the mark PLEXUS for fully integrated manufacturing information systems, namely computer programs for manufacturing floor control; employee machine operator communications, equipment tracking; manufacturing materials identification; and manufacturing operations scheduling, and to Plexus Systems' continued registration of such mark for these goods in the U.S. Patent and Trademark Office.

4. Plexus Systems hereby consents to the use by Plexus of the marks PLEXUS, PLEXUS and Design, and PLEXUS THE PRODUCT REALIZATION COMPANY for designing, testing, and manufacturing electronic products for use in various industries, including but not limited to the medical, industrial, networking, telecommunications, and transportation industries, to the order and/or specification of others, and to Plexus's registration of such marks for these services with the U.S. Patent and Trademark Office.

5. Plexus will dismiss its Petition for Cancellation in Cancellation No. 29,468 without prejudice, except as provided in this Agreement. Each party will, upon request, execute any reasonably necessary consents or agreements in connection with any application to register their respect marks, provided such applications are not in contravention of this Agreement.

6. In the event that this Agreement is not accepted by the Patent and Trademark Office Examining Attorney handling Plexus' applications for registration of its marks, and said marks are refused registration on the grounds of confusing similarity with Plexus Systems' prior registration, then this Agreement will be considered null and void and Plexus shall have the right to reinstitute its petition for cancellation of Plexus System' registration of its PLEXUS

mark. Otherwise, this Agreement will remain in effect until such time as either party abandons all rights in its respective marks, with an intent not to resume use.

7. This Agreement will be binding upon and inure to the benefit of the parties, and to the parties' permitted successors and assigns. This Agreement contains the entire understanding of the parties with respect to the subject matter herein and no amendment or modification will be valid unless it is in writing and signed by both parties.

In witness whereof, the parties have executed this Agreement as of the date first written above.

Plexus Corp.

By: *Ces D. Kauf—*
Name: JOSEPH D. KAUFMAN
Title: V.P.

Plexus Systems, L.L.C.

By: *Robert Beatty*
Name: Robert Beatty
Title: President